IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-4-FL

| | |
|---|---|
| MEGAN BRITT-WAGNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| D&B ENTERPRISES OF FLORENCE, ) | |
| LLC, d/b/a Blackwell Homes,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's partial motion to dismiss (DE 10), pursuant to Federal Rule of Civil Procedure 12(b)(6). The issues raised have been briefed fully, and in this posture, are ripe for ruling. For the following reasons, defendant's motion is granted in part and denied in part as moot.

### STATEMENT OF THE CASE

Plaintiff commenced this action against defendant and Derek G. Blackwell, November 11, 2021, in Robeson County Superior Court, asserting state law claims for breach of contract and fraud. Plaintiff seeks compensatory and punitive damages, as well as costs and fees.

Defendant and former defendant Derek G. Blackwell removed the case to this court January 7, 2022, and subsequently filed the instant partial motion to dismiss plaintiff's claims for 1) fraud; 2) punitive damages; and 3) all individual claims against Derek G. Blackwell, relying upon declaration by Derek G. Blackwell in support. Plaintiff responded in opposition and

---

[1] The court constructively has amended the caption of this order to reflect dismissal of Derek G. Blackwell. (See DE 24).

defendant replied. Thereafter, the parties filed a stipulation of dismissal with prejudice of plaintiff's claim for fraud and all claims against Derek G. Blackwell, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

Thus, the only issue remaining for consideration in the instant motion is the viability of plaintiff's claim for punitive damages.

## STATEMENT OF FACTS

Plaintiff executed a contract with defendant, a South Carolina company, for the sale and installation of a manufactured home on January 23, 2018. (Compl. (DE 1-1) ¶¶ 3, 6). Pursuant to said contract, defendant bore responsibility for "delivery, setup, tie down, concrete block foundation piers, trim inside the home, complet[ion of] the vinyl ends of the home, and connection of the HVAC unit." (Id. ¶ 7).

Beginning August 2018, following delivery and installation by defendant, plaintiff observed mold on the ceiling. (Id. ¶ 9). She promptly called defendant to remedy the issue. (Id.). Defendant sent a repair crew, but as the problem persisted a year later, and plaintiff again contacted defendant July 2019. (Id. ¶¶ 10, 11). Defendant sent a different repair crew, and the ceilings were cleaned with bleach. (Id. ¶¶ 11, 12).

In June 2020 the mold persisted, and plaintiff contacted defendant for a third time. (Id. ¶ 13). Defendant again sent a repair crew, who informed plaintiff the ceiling was "still leaking." (Id. ¶ 13). Around that time plaintiff's small child began to suffer respiratory problems, which a doctor diagnosed as an adverse effect of mold exposure. (Id. ¶¶ 14, 15). Due to these respiratory issues, plaintiff was forced to move into a rental home in November 2020. (Id. ¶ 16). Plaintiff remains unable to reside in her home. (Id. ¶ 17).

Plaintiff continued to contact defendant from June of 2020 until her ultimate departure to remedy the issue, but to no avail. (Id. ¶ 18). On February 3, 2021, defendant submitted an insurance claim to its insurance carrier for the damage to plaintiff's home, which was denied. (Id. ¶¶ 19, 20).

**COURT'S DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[2] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

Defendant asserts that, with only a breach of contract claim remaining, plaintiff's claim for punitive damages fails as a matter of law. The court agrees.

"North Carolina follows the general rule that punitive or exemplary damages are not allowed for breach of contract." Newton v. Standard Fire Ins. Co., 291 N.C. 105, 111 (1976) ("The general rule in most jurisdictions is that punitive damages are not allowed even though the

---

[2]  Internal citations and quotation marks are omitted from all citations unless otherwise specified.

breach be wilful [sic], malicious or oppressive."); see also N.C. Gen. Stat. § 1D-15(d). The rationale behind such rule is to protect the bargain of the parties to the contract:

> Parties contract partly to minimize their future risks. Importing tort law principles of punishment into contract undermines their ability to do so. Punitive damages, because they depend heavily on an individual jury's perception of the degree of fault involved, are necessarily uncertain. Their availability would turn every potential contractual relationship into a riskier proposition.

Strum v. Exxon Co., U.S.A., a Div. of Exxon Corp., 15 F.3d 327, 330 (4th Cir. 1994) (comparing contract law, where "law has long recognized that compensating the individual only for actual loss will suffice," with fault-based tort law, which "seeks both to compensate the victim and punish the wrongdoer").

North Carolina courts recognize a carefully circumscribed exception that that rule where breach of contract also constitutes an independent tort. Id. 330-31; see Newton, 291 N.C. at 111. Nevertheless, "[t]he independent tort alleged must be identifiable, and the tortious conduct must have an aggravating element such as malice or recklessness before any punitive damages may be recovered." Strum, 15 F.3d at 331; see Newton, 291 N.C. at 111.

"[T]he distinction between malicious or oppressive breach of contract, for which punitive damages are generally not allowed, and tortious conduct which also constitutes or accompanies, a breach of contract is one occasionally difficult of observance in practice." Newton, 291 N.C. at 111-12. In drawing that distinction, courts have looked to whether the right allegedly violated is grounded in an agreement between the parties or is based in law without regard to the contractual relationship between them. See Strum, 15 F.3d at 331; see also Asheville Contracting Co. v. City of Wilson, 62 N.C. App. 329, 342 (1983).

Where plaintiff has stipulated to dismissal of her claim for fraud, her remaining allegation for breach of contract is based on defendant's failure to address her ongoing mold problem. Namely, plaintiff alleges that despite alerting defendant to the enduring issue, and the apparent

4

identification by the repair crew of a persistent leak as the cause, defendant failed to resolve it. (Compl. (DE 1-1) ¶¶ 6-20). Plaintiff asserts such failure to act, particularly where the source of the problem had been identified by defendant's crew, amounts to a "conscious and intentional disregard" of her rights and safety. (Def. Mem. (DE 19) at 4).

Assuming defendant had a duty to address plaintiff's alleged mold problem, which the court does not decide, such duty arises under the contract between plaintiff and defendant for the sale and installation of the home. Strum, 15 F.3d at 329 ("Whatever injury [plaintiff] may have sustained here resulted from the possible breach of a commercial relationship memorialized in contract."). In other words, if not for the contract, defendant would not have a duty to act. Thus, following the general rule, punitive damages cannot be recovered. see Newton, 291 N.C. at 111; see also Strum, 15 F.3d at 331 ("We think it unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations.").[3]

In sum, plaintiff's claim for punitive damages fails as a matter of law. Therefore, that remaining part of defendant's motion seeking dismissal of that claim is granted.

## CONCLUSION

Based on the foregoing, defendant's motion (DE 10) is GRANTED IN PART that remains, and plaintiff's claim for punitive damages is DISMISSED.

SO ORDERED, this the 8th day of July, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] Defendant also argues that plaintiff fails to allege aggravating circumstances sufficient to give rise to a claim under the Unfair and Deceptive Trade Practices Act ("UDTPA"). Where plaintiff did not plead a claim under the UDTPA, the court declines to reach that additional argument.